**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Norfolk Division**

| | |
|---|---|
| **ELCOMSOFT, LTD,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 2:13-cv-18-AWA-TEM |
| | ) |
| **PASSCOVERY CO. LTD;** | ) |
| **ACCENTSOFT;** | ) |
| **DENIS GLADISH; and** | ) |
| **IVAN GOLUBEV** | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

**DEFENDANTS' MEMORANDUM OF LAW IN**
**SUPPORT OF THEIR MOTION TO DISMISS**

COMES NOW defendants Passcovery Co. Ltd. ("Passcovery"), Accentsoft, Denis Gladish, and Ivan Golubev (collectively "Defendants"), pursuant to Federal Rules of Civil Procedure 12(b)(2),(3) and (6) and Local Rule 7, and file this, their Memorandum in Support of their Motion to Dismiss ("Motion"), which states as follows:

**I.    PRELIMINARY STATEMENT**

This Court lacks personal jurisdiction over Defendants. Defendants have no presence, office, or contacts in Virginia. Defendants do not transact any business in Virginia, nor did Defendants have reason to anticipate that they would be haled into court in Virginia or be subject to the laws of Virginia. Moreover, Virginia is not the proper forum for this lawsuit as all relevant events and parties reside in the Russian Federation ("Russia") and threshold issues require resolution pursuant to Russian law and labor code. Additionally, the Complaint fails to State a Claim for which relief may be granted.  Consequently, pursuant to Fed. R. Civ. P. 12(b)(2),(3)

and (6) the Complaint should be dismissed.

## II. BACKGROUND FACTS

1. According to the Complaint, Passcovery d/b/a Accentsoft is a company organized under the laws of Russia and located at Tovarischesky, 32-1-340 St. Petersburg SPb 193231 Russia. [DE 1] ¶ 5.

2. According to the Complaint, Denis Gladysh is a resident of Russia. [DE 1] ¶ 6.

3. According to the Complaint, Ivan Golubev is a resident of the Russia. [DE 1] ¶ 8.

4. None of the Defendants copied plaintiff Elcomsoft, Ltd.'s ("Elcomsoft" or "Plaintiff") source code in Russia, much less within the United States ("U.S."), or specifically within Virginia. Exhibit A, Decl. Gladysh ¶¶ 5, 6, 55; Exhibit B, Decl. Golubev ¶¶ 4, 5, 9, 10.

5. According to the Complaint, Elcomsoft sent Digital Millennium Copyright Act ("DMCA") takedown notices pursuant to 17 U.S.C. § 512 to non-party online service providers in Moscow, Russia; Vernon Hills, Illinois; and Mountainview, California. [DE 1] at 7 ¶35, and PageIDs #82, #87, #92.

6. Defendants do not transact business in Virginia. Exhibit A, Decl. Gladysh ¶¶ 5, 6; Exhibit B, Decl. Golubev ¶¶ 4, 5.

7. Defendants do not maintain offices or agents in Virginia. Exhibit A, Decl. Gladysh ¶ 64; Exhibit B, Decl. Golubev ¶ 24.

8. Defendants do not own any property in Virginia. Exhibit A, Decl. Gladysh ¶ 65; Exhibit B, Decl. Golubev ¶ 25.

9. Defendants do not reach into Virginia to solicit or initiate business. Exhibit A, Decl. Gladysh ¶¶ 66-67; Exhibit B, Decl. Golubev ¶ 26-27.

10. Defendants do not deliberately engage in any business activities in Virginia.

Exhibit A, Decl. Gladysh ¶¶ 64-69; Exhibit B, Decl. Golubev ¶¶ 24-29.

11. Defendants have not contractually agreed that the law of the Virginia governs disputes with Elcomsoft, Ltd. Exhibit A, Decl. Gladysh ¶ 69; Exhibit B, Decl. Golubev ¶ 29. In fact, the only agreements, if any, between the parties were entirely performed in Russia and provide for application of Russian law. Exhibit C, Decl. Koziol ¶ 4.

12. Defendants have not made any in person contact with any residents of Virginia regarding a business relationship with Elcomsoft. Exhibit A, Decl. Gladysh ¶ 67; Exhibit B, Decl. Golubev ¶ 27.

13. Defendants do not communicate about their business in a way that relates to Virginia. Exhibit A, Decl. Gladysh ¶ 68; Exhibit B, Decl. Golubev ¶ 28.

14. Defendants have no contractual duties that have or would occur within Virginia. Exhibit A, Decl. Gladysh ¶ 69; Exhibit B, Decl. Golubev ¶ 29.

15. Each of Plaintiff's allegedly infringed products are distributed with license agreements drafted by Elcomsoft that provide:

> You agree that the Product and the authorship, systems, ideas, methods of operation, documentation and other information contained in the Product, are proprietary intellectual properties and or the valuable trade secrets of the Licensor and are protected by civil and criminal law, and by the law of copyright, trade secret, trademark and patent of the Russia, other countries and international treaties . . . This Agreement shall be governed by and construed and enforced in accordance with the laws of the Russia without reference to conflicts of law rules and principles . . . *The courts within the Russia shall have exclusive jurisdiction to adjudicate any dispute arising out of this Agreement*. You agree that this Agreement is to be performed in the Russia

(emphasis added). Exhibit C, Decl. Koziol ¶ 4.

16. The witnesses, all relevant documents, and evidence reside in Russia. Exhibit A, Decl. Gladysh ¶¶ 58-61; Exhibit B, Decl. Golubev ¶ 14.

3

### III. MEMORANDUM OF LAW

Defendants do not transact business in Virginia and Defendants lack sufficient contacts with Virginia for this Court to fairly exert personal jurisdiction over the Defendants. Plaintiff failed to comply with Va. Code § 8.01–328.1(A)(1) ("Virginia's Long Arm Statute"); Constitutional Due Process, Fed. R. Civ. P. 4(c); and, 28 U.S.C. § 1391(c) and 1400(b) by initiating this action in this district. Moreover, even if this Court could take jurisdiction it should decline on the basis of *forum non conveniens*. Additionally, Elcomsoft's claims fail as a matter of law. The Complaint, against Defendants, should be dismissed for lack of personal jurisdiction, improper venue, and failure to state a claim for which relief may be granted.

#### A. This Court Lacks Personal Jurisdiction Over Defendants.

Elcomsoft cannot meet its burden to establish that this Court has personal jurisdiction over Defendants. It is a plaintiff's burden to establish that the court has personal jurisdiction over the defendant. *Mylan Labs., Inc. v. Akzo, N.V.,* 2 F.3d 56, 59–60 (4th Cir. 1993); *see also* Fed. R. Civ. P. 12(b)(2). To obtain personal jurisdiction over a nonresident defendant, a plaintiff must show that the defendant is subject to Virginia's long arm statute and that the exercise of jurisdiction would not "offend due process." *Nationwide Mut. Ins. Co. v. The Overlook, LLC,* Case No. 4:10cv00069, 2010 WL 2520973, at *5 (E.D.Va. 2010) (citing *ALS Scan, Inc. v. Digital Serv. Consultants, Inc.,* 293 F.3d 707, 712 (4th Cir.2002)). As Defendants do not transact business in Virginia and have no specific or general contact with Virginia, this Court lacks personal jurisdiction over Defendants.

##### 1. Defendants are Not Subject to Virginia's Long Arm Statute, Because Defendants Do Not Transact Business in Virginia.

To determine whether the Court has personal jurisdiction over a nonresident defendant, this Court must first determine whether Virginia's "long-arm" statute permits jurisdiction.

4

*SunTrust Mortg., Inc. v. Nationwide Equities Corp.*, Case No. 3:12CV330–JRS, 2012 WL 6099363, at *2 (E.D.Va. Dec. 7, 2012) (citing *Wolf v. Richmond County Hospital Authority*, 745 F.2d 904, 909 (4th Cir. 1984)). Virginia's "long-arm" statute confers jurisdiction when a cause of action arises from a defendant's transacting business in Virginia. *See* Va. Code § 8.01–328.1(A)(1); *D'Addario v. Geller*, 264 F.Supp.2d 367, 379 (E.D. Va. 2003).

There are seven (7) factors to consider when deciding if a defendant transacts business in Virginia. *Id.* The factors focus on the defendant's conduct, namely, does the defendant: (1) maintain offices or agents in Virginia; (2) own property in Virginia; (3) reach into Virginia to solicit or initiate business in Virginia; (3) deliberately engage in significant or long-term business activities in Virginia; (4) contractually agree that the law of the Virginia governs disputes; (5) make in-person contact with a resident of Virginia in Virginia regarding the business relationship; (6) communicate about the business being transacted in a way that relates to Virginia; or, (7) intend for the contractual performance to occur in Virginia. *SunTrust Mortg., Inc. v. Nationwide Equities Corp.*, Case No. 3:12CV330–JRS, 2012 WL 6099363, at *3–4 (E.D. Va. Dec. 6, 2012) (citing *Consulting Eng'rs Corp. v. Geometric Ltd.*, 561 F.3d 273, 277 (4th Cir. 2009)). In the case at bar, the Exhibits A and B, the Declarations of Gladysh and Golubev, show that none of these factors exist to show that Defendants transact business in Virginia or to confer jurisdiction over Defendants. In fact, the EULA drafted by Elcomsoft specifically provides that the parties agreed the entire agreement was to be entirely performed exclusively in Russia and subject to the jurisdiction of the Courts of Russia. Elcomsoft has not and cannot show any evidence to the contrary.

### 2. Defendants Lack Minimum Contacts with Virginia.

Even if Virginia's long arm statute extended to Defendants, which it does not, due process only permits the exercise of personal jurisdiction over a defendant that has purposefully established "minimum contacts" with the forum state. *AFTG-TG, LLC v. Nuvoton Technology Corp.,* 689 F.3d 1358, 1362 (Fed. Cir. 2012).[1]

Based upon binding U.S. Supreme Court precedent, and the law of the Federal and Fourth Circuits, to establish minimum contacts a plaintiff must show either (1) specific or (2) general jurisdiction. *Id.* at 1360 (citing *LSI Indus. v. Hubbell Lighting, Inc.,* 232 F.3d 1369, 1375 (Fed. Cir. 2000) quoting *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 472–73, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985)) and *Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 414–16, 104 S. Ct. 1868, 80 L.Ed.2d 404 (1984)); *see also Human Res. Certification Inst. v. Human Res. Prof'l Ass'n*, 453 Fed. Appx. 349, 350-351 (4th Cir. 2011). With regards to Defendants, Elcomsoft can show neither specific nor general jurisdiction in Virginia.

#### a. The Court Lacks Specific Jurisdiction Over Defendants.

There is no contract or business relationship between Passcovery and Elcomsoft related to Virginia, nor is there any evidence showing Defendants infringed for U.S. Pat. Nos. 7,787,629 (the " '629 Patent") and 7,929,707 (the " '707 Patent") (collectively the "Patents in Suit"), or infringed copyright in Virginia. "Specific jurisdiction 'arises out of' or 'relates to' the cause of action." *AFTG-TG,* 689 F.3d at 1360. Defendants do not transact any business in Virginia, nor

---

[1] Judge Henry Hudson of this district has held "the statutory inquiry merges with the constitutional inquiry." *SunTrust Mortg., Inc. v. Nationwide Equities Corp.,* Case No.: 3:12CV330–JRS, 2012 WL 6099363, *3 (E.D. Va. Dec. 6, 2012) c*iting Consulting Eng'rs Corp. v. Geometric Ltd.*, 561 F.3d 273, 277 (4th Cir. 2009). Thus, the factors considered in applying the constitutional due process analysis of minimum contacts for general and specific jurisdiction are the same as those in applying Virginia's long arm statute.

6

do Defendants engage in any business in Virginia related to the allegations of the Complaint. There is not and cannot be any evidence to the contrary.

According to the Complaint, neither Elcomsoft nor Defendants reside in Virginia, and the alleged employment contract giving rise to Elcomsoft's alleged copyrights is written in Russian and based upon Elcomsoft's translation, subject to Russian law, including the Russian Labor Code. As translated by Elcomsoft in the Complaint, the alleged agreement that addresses copyrights and inventions embodied in the software in dispute

> can be ended or terminated in accordance with the current labor law of the Russia . . . the employee has the right to receive certain guarantees and compensation in accordance with the labor law of the Russia. . . . In the event that both parties fail to fulfill their obligations . . . [regarding *inter alia* development of software, source code and trade secrets] both parties are subjected to the law of the Russia.

If there is any alleged connection between any of the Defendants and the U.S. it is only by way of Passcoverys' counter-notification under the Digital Millennium Copyright Act ("DMCA"), which relates only to the notice and takedown procedures of 17 U.S.C. § 512. According to the Complaint, those noticed service providers reside and have their nerve centers in Moscow, California and Illinois. There is no mention of a center in Virginia. As there is no evidence or any allegedly infringing sales in Virginia, there cannot be any specific jurisdiction; even under a stream of commerce theory. *M2M Solutions LLC v. Simcom Wireless Solutions Co., Ltd.,* No. CA 12-034-RGA, 2013 WL 1296753 (D. Del. Mar. 29, 2013) (holding an absolute minimum requirement of a "stream of commerce" test is that infringement has actually occurred in the forum state). Lack of evidence of infringement in the foreign state is fatal to specific jurisdiction. *Id.*

Based upon the allegations of the Complaint, a DMCA counter-notification by Passcovery, at most, would only potentially subject Passcovery to jurisdiction for copyright

notice and counter notice claims in Moscow, California and Illinois. That limited jurisdiction outside Virginia would only be for an action regarding the 17 U.S.C. § 512 notice and take down process, and it does not apply to Golubev nor Gladysh, nor any of the other claims at issue. Consequently, there is no specific jurisdiction for any Defendants in Virginia.

### b. Court Lacks General Jurisdiction Over Defendants.

As Defendants have never been to Virginia and do not regularly transact any business in Virginia, this Court does not have *general* jurisdiction over Defendants. General jurisdiction arises when a defendant maintains "continuous and systematic" contacts with the forum state. *AFTG-TG, LLC v. Nuvoton Technology Corp.*, 689 F.3d 1358, 1360 (Fed. Cir. 2012).

Notably, merely placing products in "the stream of commerce" is "[a] connection so limited between the forum and the foreign corporation [that it] is an inadequate basis for the exercise of general jurisdiction." *Viasystems v. EBM-Papst St. Georgen GMBH & Co., KG*, 646 F.3d 589, 597 (8th Cir. 2011) (citing *Goodyear Dunlop Tires Operations, S.A. v. Brown,* __ U.S. __,131 S.Ct. at 2851, 180 L.Ed.2d at 803 (2011)). As Defendants transact no business in Virginia, there cannot be general jurisdiction over Defendants in Virginia.

### c. Asserting Jurisdiction Over Defendants Would Not Comport With Traditional Notions of Substantial Justice and Fair Play.

Even if there were factors to potentially support general or specific jurisdiction over Defendants in Virginia, before finding jurisdiction over Defendants the Court still must consider whether the exercise of personal jurisdiction over Defendants in Virginia is "reasonable" or otherwise "offend[s] traditional notions of fair play and substantial justice." *Hockerson-Halberstadt, Inc. v. Propet USA, Inc.*, 62 Fed.Appx. 322, (Fed. Cir. 2003) (holding that minor contacts alone do no support personal jurisdiction, otherwise "jurisdictional boundaries [would

be] meaningless" and parties would be "deprived of the ability to predict with any certainty where they would be subject to suit").

The following factors are to be considered in determining if the exercise of jurisdiction is reasonable: (1) burden on the defendant; (2) forum state's interest in resolving the dispute, (3) the plaintiff's interest in receiving convenient and effective relief; (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies; and, (5) the shared interest of the several states in furthering fundamental substantive social policies. *Id*.

According to the Complaint, Defendants reside in St. Petersburg, Russia, and the principal place of business for Passcovery is in St. Petersburg, Russia. Moreover, Elcomsoft resides in Moscow Russia. All the witnesses, documents, and materials related to this case are in Russia. The Plaintiff is a company formed in Russia and is not registered to transact business in Virginia and, on information and belief, does not pay any taxes to the U.S. government or the commonwealth of Virginia. The Defendants have never been to the U.S., much less Virginia. In fact, in response to Plaintiff's initial Digital Millennium Copyright Act notification (and lack of market in the U.S.), Defendants instructed their licensees that licensees were not permitted to re-sell the licenses to third parties with addresses based in the U.S. The only possible reason that Plaintiff chose Virginia to institute this litigation is because of the inconvenience and burden that litigating in Virginia would have upon the Defendants.

If the allegations of the Complaint are true, the Plaintiff should have sought relief in Russia where the Defendants are amenable to service of process and where litigation would be more convenient for all parties involved. Moreover, Russia has an interest in a dispute regarding its residents, legal entities and taxpayers. This Court has no interest in resolving this dispute between residents of other countries for allegations that have no connection with the Eastern

9

District of Virginia, and that do not generate any revenue for the U.S. Substantive social policies dictate that disputes be resolved where there is a substantive connection between the dispute and venue. In this case, there is no connection between Defendants and Virginia, and no apparent connection between Plaintiff and Virginia.

Consequently, because this Court has no jurisdiction under Virginia's long arm statute, there is no evidence of any factors sufficient to support general or specific jurisdiction, and, allowing this action to proceed in this district would offend traditional notions of substantial justice and fair play, this action should be dismissed for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2).

### B. Virginia is a *Forum Non Conveniens*.

Even if the Court could assert personal jurisdiction over each of the individual Defendants and the Russian company, Passcovery, it should decline jurisdiction since Virginia is an inconvenient forum.

A federal court has discretion to dismiss a case on the ground of *forum non conveniens* "when an alternative forum has jurisdiction to hear [the] case, and ... trial in the chosen forum would establish ... oppressiveness and vexation to a defendant ... out of all proportion to plaintiff's convenience, or ... the chosen forum [is] inappropriate because of considerations affecting the court's own administrative and legal problems." *American Dredging Co. v. Miller*, 510 U.S. 443, 447–448, 114 S.Ct. 981, 127 L.Ed.2d 285 (1994) (quoting *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241, 102 S.Ct. 252, 70 L.Ed.2d 419 (1981)) (further internal citations omitted). Dismissal for *forum non conveniens* reflects a court's assessment of a "range of considerations, most notably the convenience to the parties and the practical difficulties that can attend the adjudication of a dispute in a certain locality." *Quackenbush v. Allstate Ins. Co.*, 517

10

U.S. 706, 723, 116 S.Ct. 1712, 135 L.Ed.2d 1 (1996) (citations omitted). The U.S. Supreme Court has characterized *forum non conveniens* as "a supervening venue provision, permitting displacement of the ordinary rules of venue when, in light of certain conditions, the trial court thinks that jurisdiction ought to be declined." *American Dredging*, 510 U.S., at 453, 114 S.Ct. 981; *cf. In re Papandreou*, 139 F.3d, at 255 (*forum non conveniens* "involves a deliberate abstention from the exercise of jurisdiction").

### 1. Russia is a More Than Adequate Forum for This Lawsuit.

This is a dispute of one Russian software company against another Russian software company, the second company's Director General, and an independent programmer regarding intellectual property rights allegedly arising out of a Russian employment agreement. The alleged agreement (which is a forgery) nonetheless purports to be subject to Russian Law and Labor Code, and Russia is the country of expected performance.

Moreover, all of Elcomsoft's software license agreements require the parties to agree to exclusive jurisdiction in Russia. Consequently, Elcomsoft admits Russia is an adequate forum for resolving a dispute regarding the intellectual property in its software, as the agreement provides for exclusive jurisdiction in Russia. Elcomsoft is estopped from arguing that process in Russia is sufficient to bring witnesses before the Court. [DE 9]; [DE 13]; s*ee, e.g., In the Matter of the Arbitration Between Monegasque De Reassurances S.A.M.*, 311 F.3d 488 (2nd Cir. 2002) (holding that even if the Court had jurisdiction over the dispute, it was more properly addressed where the witnesses resided and where the dispute occurred). In the instant action, all of the witnesses and documents reside in Russia. Many of the witnesses of this case would be hostile towards the Defendants, are either current or former employees of Elcomsoft, and would likely not appear even if compelled by the Court.

### 2. The Court has No Interest in this Dispute.

It would be an overwhelming burden for this Court and the U.S. tax payer to provide a forum to foreign companies to resolve disputes without any substantial presence in the U.S. There is no evidence that any of the parties are U.S. taxpayers or registered to do business in Virginia. At the heart of the case is an alleged employment relationship between a Russian software engineer and a Russian software company. Resolution of the dispute requires resolution of an alleged Russian employment agreement written in Russian and subject to Russia's complex labor code that would take substantial resources for the Court to learn and apply. Consequently, the expeditious use of judicial resources dictates dismissal of this case on *forum non conveniens* grounds.

### 3. Public Policy Requires that the Dispute be Resolved in Russia Where it Arose and Where the Parties Reside.

Public policy and international comity dictate that disputes solely between foreign nationals regarding property rights created in foreign nations be determined in the foreign nation where those persons reside and the property rights were created. Moreover, even if the Court were able to compel individual Russians and Russian Corporations with no contact to Virginia to appear to testify in the U.S., which it cannot, it would still not relieve the burden and overwhelming hardship imposed upon the Defendants.

## C. Venue is Improper as No Parties Reside in Virginia.

This Court is the improper venue for this action. As invoked in the Complaint, venue is only proper where "the defendant resides, or where the *defendant* has committed acts of infringement *and* has a regular and established place of business." 28 U.S.C. § 1400(b) (emphasis added); 28 U.S.C. § 1391(c) (defining residency as where a defendant is domiciled, or where a defendant "with the capacity to sue and be sued in its common name under applicable

law" is also subject to personal jurisdiction). No Defendants, nor Elcomsoft, reside or have a regular and established place of residence in Virginia, and there is no evidence that any allegedly infringing conduct of the Defendants occurred in Virginia, or more specifically, the Eastern District of Virginia. If there is an appropriate venue, it is in Russia where the transactions in dispute occurred, all the parties reside, and Defendants and Plaintiffs are amenable to service of process.

**D. Elcomsoft Fails to State A Claim for Copyright Infringement.**

A motion to dismiss brought under Rule 12(b)(6) of the Federal Rules of Civil Procedure should be granted unless an adequately stated claim is "supported by showing any set of facts consistent with the allegations in the complaint." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 561 (2007) (internal citations omitted); *see also* Fed. R. Civ. P. 12(b)(6).

Elcomsoft does not meet its burden to identify original elements of its source code that it contends were copied by Defendants in the U.S. *R.C. Olmstead, Inc., v. CU Interface, LLC,* 606 F.3d 262, 276 (6th Cir. 2010) (entering judgment on copyright claim holding as matter of law Plaintiff failed to identify original elements of software that it contended were copied). To state a claim for copyright infringement "a plaintiff must establish that he or she owns the copyright creation, and that the defendant copied it." *R.C. Olmstead, Inc., v. CU Interface, LLC,* 606 F.3d 262, 275 (6th Cir. 2010) *quoting Kohus v. Mariol*, 328 F.3d 848, 853 (6th Cir. 2003). *Twombly* and *Iqbal* mandate more than just conclusory statements -- a Plaintiff must aver plausible facts that support its claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The Court should "not accept as true allegations that contradict matters properly subject to judicial notice or allegations contradicting the exhibits attached to the complaint." *See, e.g., Phillips v. Murdock*, 543 F.Supp.2d 1219, 1223 (D. Hawaii 2008) (dismissing complaint for

copyright infringement that fails to specifically identify the substantially similar protectable creative expression allegedly copied).

Plaintiff accuses Defendants of copying its source code, which it claims is incorporated into Passcovery's distribution of: (1) Accent Office Password Recovery; (2) Accent Zip Password Recovery; and, (3) Accent RAR Password Recovery (collectively the "Accused Products"). Compare Exhibit A. Decl. Gladysh Composite Exhibit C with the copyright deposits for the Alleged Copyrights, which will be submitted in a supplemental filing as soon as they are received by the Defendants from the U.S. Copyright Office.

In the instant case, the Plaintiff claims it owns copyrights in source code for software written by Ivan Golubev in Russia pursuant to an alleged Russian employment contract. The literary works[2] allegedly infringed are as follows: (1) Advanced Archive Password Recovery, U.S. Reg. No. TX0007315447 (2009); (2) Advanced Office Password Recovery, U.S. Reg. No. TX0007315456 (2010); (3) Elcomsoft distributed password recovery, U.S. Reg. No. TX0006571774 (2006); (4) Advanced PDF Password Recovery 1.0., U.S. Reg. No. TX0007086952 (2000); and (5) Advanced PDF Password Recovery 4.10., U.S. Reg. No. TX0007229868 (2008) (collectively the "Alleged Copyrights").[3]

---

[2] Computer software source and object code may be registered as a literary work to protect any creative expression therein. 37 C.F.R. 202.20(c)(vii). Also, computer software can be registered as works of Visual Art or Audio Visual Art, depending on which aspects of the original work of authorship the registrant claims. 17 U.S.C. § 102(a)(6). It is Plaintiff's burden to establish that it has a registration for the work that it alleges is infringed, and the copying of constituent elements of the work that are original creative expression. *Johnson v. Gordon*, 409 F.3d 12, 17 (1st Cir. 2005) (to establish copyright infringement plaintiff must show ownership of a valid copyright and copying of constituent elements of the work that are original).

[3] Counsel for Defendants requested copies of the allegedly registered literary works' (Form TX) copyright deposits incorporated into the Complaint by reference from Plaintiff's Counsel, but Plaintiff refuses to provide copies of the allegedly infringed works deposited with the Library of Congress ("LOC") to Defendants' counsel. At a significant expense to Defendants, Defendants

As a matter of law, the Accused Products lack any substantial similarity to the expressive *literary* work claimed in the Alleged Copyrights. The District Court may consider, in deciding a Rule 12(b)(6) motion, the documents attached to the complaint as exhibits, including the works themselves. *See, e.g., Peter F. Gaito Architecture, LLC v. Simone Development Corp.*, 602 F.3d 57, 64 (2d Cir.2010). "When a court is called upon to consider whether the works are substantially similar, no discovery or fact-finding is typically necessary, because 'what is required is only a visual comparison of the works.' *Winstead v. Jackson*, No. 11–3771, 2013 WL 139622, *3 (3d. Cir. Jan. 11, 2013) (internal citations omitted).

The only features of the Alleged Copyrights that Plaintiff accuses the Accused Products of infringing is the use of a Graphics Processing Unit ("GPU") to parallel process brute force password transformations. However, this is a non-copyrightable functional element, *scènes à faire*, and not creative expression within the source code. Copyright does not extend to functional elements or *scènes à faire*. Consequently, as a matter of law, Plaintiff fails to state a claim for copyright infringement against Defendants.

### E. Plaintiff Fails to State a Claim for Patent Infringement as Each Claim of the Patents in Suit is Invalid as a Matter of Law.

Plaintiff cannot maintain a claim for patent infringement because the Patents in Suit are facially invalid and therefore cannot be infringed by the Defendants as a matter of law.

---

initiated a request with the Library of Congress for expedited Certified Copies of each of the deposits for the Alleged Copyrights which was initiated on April 22, 2013 and approved by the LOC. Upon receipt of said Certified Copies, which is estimated by LOC to be less than 30 days from the request, undersigned will file the Certified Copies with the Court. Notably, Plaintiff also refused to provide Defendants with any additional time to respond to the Complaint.

1. **Taking Judicial Notice of the Prior Art, all Claims of the Patents in Suit are Anticipated or Rendered Obvious by Prior Art.**

All claims of the Patents in Suit are anticipated or obvious in light of *Fernando, et al,* Programming Graphics Hardware NVIDIA Corporation, EuroGraphics (2004) at 13-14, and 16 (attached as Exhibit E) (explaining use of GPU on NVIDIA graphics cards for cracking passwords) (citing *Kedem & Ishihara,* Brute Force Attack on Unix Passwords with SIMD Computer, Proceedings of the 8th USENIX Security Symposium (SECURITY-99), Berkely, CA, (1999) (attached as Exhibit F)) (describing how the authors used the PixelFlow GPU to perform brute force password cracking) (collectively the "Prior Art"). *See also* History of GPGPU, *Way Back Machine*, *available at* http://web.archive.org/web/20040103103934/http://gpgpu.org/ history.shtml (last visited May 9, 2013) (attached as Exhibit F). It can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned that these articles were in fact published more than a year prior to the earliest priority date for the applications of the Patents in Suit. The Court should take judicial notice of the Prior Art. Fed. R. E. 201(b)(2); *Feathercombs, Inc. v. Solo Products Corp.*, 306 F.2d 251, 259 (2d. Cir. 1962) (holding "courts may take judicial notice of elements in the prior art"); *Application of Haven*, 289 F.2d 508, 511 (Cust. & Pat.App. 1961) (accepting text book as indication of prior art).

It is clear, the claimed method and system is identical to that described in the Prior Art. Consequently, Count I for infringement of the Patents in Suit should be dismissed with prejudice as a matter of law.

1. **Claims 3, 4 and 5 of the '707 Patent Are Invalid as Indefinite.**

Claims 3, 4, and 5 of the '707 Patent claim both a system and method and are invalid under 35 U.S.C. § 112. When a claim "recites both a system and the method for using that

16

system, it does not apprise a person of ordinary skill in the art of its scope, and it is invalid under section 112." *IPXL Holdings, L.L.C. v. Amazon.com, Inc.*, 430 F.3d 1377, 1384 (Fed. Cir. 2005).

Moreover, "means for generating," "means for providing," "means for informing," and "means for repeating" are means plus claim terms under 35 U.S.C. § 112(6), which lack any linked structure in the specification. Therefore, claims 3, 4, and 5 which contain those terms are insolubly indefinite. Consequently, as a matter of law, Defendants cannot infringe claims 3, 4 and 5 of the '707 Patent, as those claims are invalid and should be dismissed as a matter of law.

### F. The Count For Unjust Enrichment Fails to State A Claim As It Is Preempted by Copyright and Patent Laws.

Plaintiff's unjust enrichment claim just regurgitates the elements of copyright and patent infringement claims. The Copyright and Patent Acts preempt state law that is "equivalent to any of the exclusive rights within the general scope of copyright as specified by section 106" or patent law. *See, e.g., Wharton v. Columbia Pictures Indus.*, 907 F.Supp 144, 146 (D. Md. 1995) (citing 17 U.S.C. § 301(a); 35 U.S.C. § 101, *et seq.*; *Ultra-Precision v Ford Motor*, 411 F.3d 1369, 1377 (Fed. Cir. 2005)). The Fourth Circuit has interpreted the "equivalency" test to mean that state law claims involving an act that would infringe rights under the Copyright Act are preempted unless they have elements that are "qualitatively different." *Id. citing Rosciszewski v. Arete Assoc., Inc.*, 1 F.3d 225, 230 (4th Cir.1993). In relevant part, the Copyright Act affords an author the exclusive right to prepare derivative works based on the copyrighted work, and the Patent Act affords inventors the right to exclude others from making, using, importing or offering to sell patented inventions. *See Ultra-Precision v Ford Motor*, 411 F.3d 1369, 1377 (Fed Cir 2005); 17 U.S.C. § 106(2); 35 U.S.C. § 271. As Elcomsoft's unjust enrichment count merely restates its prior copyright infringement and patent infringement counts, it is preempted

as a matter of law. Consequently, count three for unjust enrichment should be dismissed as a matter of law.

> G.  **At a Minimum this Court Should Require Plaintiff Submit a More Definite Statement Translated into Russian.**

The Court permitted Plaintiff to serve defendants in Russia with process via electronic mail only. However, Defendants' primary language is Russian and Defendants have had to endure the burden, cost and expense of translating the Complaint. Out of fairness and in accord with international convention, the Plaintiff should at least be required to serve the Defendants with a certified Russian translation of the Complaint and any other filings in this case. *See, e.g.,* Article 5 of the Hague Convention for Service Abroad.

## IV. CONCLUSION

As the Plaintiff and all the Defendants reside in Russia and none of the Defendants have transacted business in Virginia or directed any injury to anyone in Virginia, the Court should dismiss this action. Although the Court must analyze the personal jurisdiction, claims, and convenience as to each of the Defendants individually and as to the case as a whole, it is clear that Plaintiff's claims must be dismissed for lack of jurisdiction. In addition, Plaintiff has failed to state a claim for patent infringement or unjust enrichment.

WHEREFORE, Defendants, pray that this Court: i) dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(2),(3), and (6); and, ii) grant such other relief as is just, fair, and equitable.

Dated: May 10, 2013                     Respectfully submitted,

                                        By: **/s/**_____
                                        Duncan G. Byers, Esq. (VSB #48146)
                                        Jeffrey D. Wilson, Esq. (VSB #75734)
                                        **BYERS LAW GROUP**
                                        142 W. York Street

Suite 910
Norfolk, VA 23510
T: (757) 227-3340
F: (757) 227-3341
duncan.byers@byerslawgroup.com
admin@byerslawgroup.com

and

**ASSOULINE & BERLOWE, P.A.**
2700 N. Military Trail, Suite 150
Boca Raton, Florida 33431
Telephone: (561) 361-6566
Facsimile: (561) 361-6466
Peter A. Koziol, Esq. (FBN 030446)
pak@assoulineberlowe.com
(*pro hac vice* requested)

*Counsel for Defendants Denis Gladysh,
Ivan Golubev and Passcovery Co. Ltd*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on the 10th day of May, 2013, I will electronically file the foregoing document with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to counsel of record:

Kevin R. Garden
International Legal Counsels, PC
901 N. Pitt St, Suite 325
Alexandria, VA 22314
Email: kg@legal-counsels.com
*Counsel for Plaintiff ElcomSoft, Ltd.*

 

                                                  By:   **/s/**
                                              Duncan G. Byers, Esq. (VSB #48146)
                                              Jeffrey D. Wilson, Esq. (VSB #75734)
                                              **BYERS LAW GROUP**
                                              142 W. York Street
                                              Suite 910
                                              Norfolk, VA 23510
                                              T: (757) 227-3340
                                              F: (757) 227-3341
                                              duncan.byers@byerslawgroup.com
                                              admin@byerslawgroup.com

                                              *Counsel for Defendants Denis Gladysh,*
                                              *Ivan Golubev and Passcovery Co. Ltd*