UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

ELCOMSOFT, LTD,

                          Plaintiff,

v.                                                        Civil Action No. 2:13cv18

PASSCOVERY CO. LTD., *et al.*,

                          Defendants.

## ORDER

On January 9, 2013, Plaintiff ElcomSoft, Ltd. ("ElcomSoft") brought this suit against Defendants Passcovery Co., Ltd. ("Passcovery"), Accentsoft, Denis Gladysh,[1] and Ivan Golubev, alleging that Defendants had infringed its patents in violation of federal law. ElcomSoft also asserts claims of unjust enrichment and breach of contract under common law doctrines.

On May 10, 2013, Defendants filed a Motion to Dismiss. ECF No. 21. Defendants seek dismissal on the bases of personal jurisdiction, venue, *forum non conveniens*, and failure to state a claim upon which relief could be granted.

Defendants' first three objections stem from the uncontested fact that all parties to this suit are citizens of the Russian Federation ("Russia"). Defendants argue that their ties to the United States and to this district are insufficient to establish proper personal jurisdiction and venue in this Court. Alternatively, Defendants argue that Russia would be a more convenient forum for this litigation.

For the following reasons, the Motion to Dismiss is **GRANTED IN PART** on the basis of *forum non conveniens*, and the case is **DISMISSED WITHOUT PREJUDICE**.

---

[1] Although the Complaint, and consequently the docket, transliterates Mr. Gladysh's surname as "Gladish," Mr. Gladysh's affidavit uses the spelling "Gladysh." *See* Gladysh Decl., ECF No. 22-1. This Court employs the spelling used by Mr. Gladysh.

1

## I. OVERVIEW

Although Defendants have raised jurisdictional questions, the Court addresses their claim of *forum non conveniens* first.

"A district court . . . may dispose of an action by a *forum non conveniens* dismissal, bypassing questions of . . . personal jurisdiction, when considerations of convenience, fairness, and judicial economy so warrant." *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 432 (2007).

ElcomSoft argues that Passcovery has waived its objection to personal jurisdiction and that all Defendants have sufficient ties to this District. Even assuming that ElcomSoft's waiver argument is correct, jurisdictional discovery would be required in order to determine whether this Court possesses personal jurisdiction over Mr. Gladysh and Mr. Golubev. Therefore, "considerations of convenience, fairness, and judicial economy" warrant resolving Defendants' *forum non conveniens* claim before addressing their other arguments for dismissal. *See id.* at 435 (affirming a district court's decision to dismiss a case on the basis of *forum non conveniens* prior to determining personal jurisdiction because the latter question would have required jurisdictional discovery).

## II. FORUM NON CONVENIENS

### A. FACTUAL BACKGROUND

ElcomSoft and Passcovery are companies organized under the laws of Russia, and their business involves the sale of digital password recovery products. Compl. paras. 3–4, 13, 21, ECF No. 1; Gladysh Decl. paras. 7, 13–16, ECF No. 22-1. Accentsoft is a brand name used by Passcovery. Compl. para. 5, ECF No. 1; Gladysh Decl. para. 8, ECF No. 22-1. Mr. Gladysh and Mr. Golubev are residents and citizens of Russia. Compl. paras. 6–7, ECF No. 1; Gladysh Decl. para. 4, ECF No. 22-1; Golubev Decl. para. 3, ECF No. 22-2.

2

ElcomSoft alleges that it owns patents on several password recovery methods. Compl. para. 15, ECF No. 1. It alleges that Mr. Golubev was hired as a software developer on June 1, 2003, and that his employment contract contained non-disclosure and confidentiality provisions. *Id.* at para. 18. *But see* Golubev Decl. para. 11, ECF No. 22-2 (alleging that Mr. Golubev never signed the contract attached to the Complaint). According to the Complaint, Mr. Golubev and Mr. Gladysh founded Passcovery while Mr. Golubev was working for Elcomsoft. Compl. para. 20, ECF No. 1. *But cf.* Gladysh Decl. para. 50, ECF No. 22-1 (alleging that Mr. Golubev is not currently a Passcovery employee).

The Complaint alleges that Mr. Golubev resigned from ElcomSoft on December 31, 2009, and that thereafter Passcovery released several products that allegedly infringe ElcomSoft's patents. Compl. paras. 22, 24, ECF No. 1. ElcomSoft asserts that these products are based on confidential information that Mr. Golubev disclosed improperly to Passcovery. *Id.* at para. 32. *Contra* Gladysh Decl. paras. 47–49, ECF No. 22-1; Golubev Decl. para. 10, ECF No. 22-2.

B. LEGAL FRAMEWORK

A party seeking to dismiss a case for *forum non conveniens* must show that "the alternative forum is: 1) available; 2) adequate; and 3) more convenient in light of the public and private interests involved." *Jiali Tang v. Synutra Int'l, Inc.*, 656 F.3d 242, 248 (4th Cir. 2011). In analyzing such a claim, the Court must consider every material factor and hold defendants to their burden of persuasion on all elements of the analysis. *Galustian v. Peter*, 591 F.3d 724, 731 (4th Cir. 2010).

C. ANALYSIS

1. Availability

A foreign forum is "available" "when the defendant is 'amenable to process' in the other jurisdiction." *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255 n.2 (1981) (quoting *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 506–07 (1947)). Each defendant is either a Russian company or a resident of Russia. Compl. paras. 4–7, ECF No. 1; Gladysh Decl. paras. 4, 7–8, ECF No. 22-1; Golubev Decl. para. 3, ECF No. 22-2. Additionally, Defendants have presented affidavits indicating that they are all amenable to service of process in Russia. Gladysh Decl. para. 70, ECF No. 22-1; Golubev Decl. para. 23, ECF No. 22-2. Therefore, Russia is available as a potential forum.

2. Adequacy

"A foreign forum is adequate when (1) all parties can come within that forum's jurisdiction, and (2) the parties will not be deprived of all remedies or treated unfairly, even though they may not enjoy the same benefits as they might receive in an American court." *Jiali Tang*, 656 F.3d at 248 (quoting *Fid. Bank PLC v. N. Fox Shipping N.V.*, 242 F. App'x 84, 90 (4th Cir. 2007) (unpublished)) (internal quotation marks omitted).

All parties to this suit are either Russian companies or residents of Russia. Compl. paras. 3–7, ECF No. 1; Gladysh Decl. paras. 4, 7–8, ECF No. 22-1; Golubev Decl. para. 3, ECF No. 22-2. ElcomSoft does not contest that all parties can come within Russia's jurisdiction. Therefore, the first prong of the test for adequacy is met.

When a foreign forum has jurisdiction, it is inadequate only "[i]n rare circumstances . . . where the remedy offered by the other forum is clearly unsatisfactory." *Piper Aircraft*, 454 U.S. at 254 n. 22. ElcomSoft argues that the remedies offered by Russian law are unsatisfactory. Defendants have presented affidavits indicating that "Russian law provides for protection against

4

breach of Russian employment agreements, misappropriation of trade secrets, copyright, patent infringement and fraud." Gladysh Decl. para. 63, ECF No. 22-1; Golubev Decl. para. 22, ECF No. 22-2. ElcomSoft argues that these affidavits are insufficient and that expert testimony is required. Resp. Mot. Dismiss 18 n.2, ECF No. 26.

This is incorrect. "In determining questions of foreign law," courts have "broad discretion" to consult "a wide variety of sources." *United States v. Mitchell*, 985 F.2d 1275, 1280 (4th Cir. 1993) (collecting cases and examples); *accord* Fed. R. Civ. P. 44.1 ("In determining foreign law, the court may consider any relevant material or source, including testimony, whether or not submitted by a party or admissible under the Federal Rules of Evidence."). Although affidavits by non-lawyer parties who are residents and citizens of the jurisdiction in question are not the strongest evidence of foreign law, they can still suffice where, as here, there is no opposing evidence. *See Banque Paribas v. Hamilton Indus. Int'l, Inc.*, 767 F.2d 380, 384–85 (7th Cir. 1985) (holding that a district judge "was not entitled to reject" an affidavit by a corporate officer "when no contrary evidence had been introduced, or independent research into [foreign] law conducted by him").

ElcomSoft also asserts that Russia provides insufficient redress because its "unjust enrichment and breach of confidentiality claims" may not be cognizable there. However, Russian law would likely apply to these claims even if they are litigated here. *See Po Water & Sewer v. Indian Acres Club*, 495 S.E.2d 478, 482 (Va. 1998) (holding that an unjust enrichment claim is an equitable claim that a contract should be implied by law); *Woodson v. Celina Mut. Ins. Co.*, 177 S.E.2d 610, 613 (Va. 1970) (holding that questions regarding the validity and interpretation of a contract are governed by the law of the place where the contract was made); *Arkla Lumber & Mfg. Co. v. W. Va. Timber Co.*, 132 S.E. 840, 842 (Va. 1926) (holding that

questions regarding the performance of a contract are governed by the law of the place where the contract was to be performed).

Moreover, the possibility that Russian law might differ significantly from the law applied by this Court is no basis for finding Russia to be an inadequate alternative forum. As the Supreme Court has noted, "if conclusive or substantial weight were given to the possibility of a change in law, the *forum non conveniens* doctrine would become virtually useless" because the forum selected by a plaintiff will generally be one in which the law is more advantageous than that of any alternative forums. *Piper Aircraft*, 454 U.S. at 250.

Differences in the law can render a proposed forum inadequate only "if the remedy provided by the alternative forum is so clearly inadequate or unsatisfactory that it is no remedy at all." *Id.* at 254; *see also Compania Naviera Joanna SA v. Koninklijke Boskalis Westminster NV*, 569 F.3d 189, 202 (4th Cir. 2009) ("[A] difference in the law in the two forums—even where the amount of potential recovery is drastically different—is not sufficient to bar application of the *forum non conveniens* doctrine."); *cf. Jiali Tang*, 656 F.3d at 250–51 (holding that a proposed forum need not even offer judicial remedies if its nonjudical remedies are adequate).

Defendants have presented evidence that a Russian forum allows ElcomSoft redress for its claims. Gladysh Decl. para. 63, ECF No. 22-1; Golubev Decl. para. 22, ECF No. 22-2. ElcomSoft offers no evidence to the contrary. Because ElcomSoft "will not be deprived of all remedies" in Russia, and because "all parties can come within [Russia's] jurisdiction," Russia is an adequate alternative forum. *Jiali Tang*, 656 F.3d at 248 (alteration provided) (quoting *Fid. Bank PLC*, 242 F. App'x at 90 (unpublished)) (internal quotation marks omitted).

### 3. Convenience

#### a. legal standard

Because Russia "is both available and adequate," the Court "must weigh the public and private interest factors" relevant to determining convenience. *Id.* at 249.

Although a defendant seeking dismissal for *forum non conveniens* "ordinarily bears a heavy burden" in challenging the plaintiff's choice of forum, this burden is lessened when the chosen forum is not the plaintiff's home. *Sinochem*, 549 U.S. at 430. Where, as here, "the plaintiff has not chosen to bring the case in his home country, the court need give little deference to the plaintiff's choice of forum." *Galustian*, 591 F.3d at 732 (noting that an exception, not applicable here, exists if "the defendant is a resident and citizen of the forum he seeks to have declared inconvenient for litigation").

Therefore, in weighing the relevant factors, the Court gives "little deference" to ElcomSoft's choice of Virginia as a forum for this suit.

#### b. public factors

The public factors that the Court must consider are: (1) "the administrative difficulties flowing from court congestion;" (2) "the local interest in having localized controversies decided at home;" (3) "the interest in having the trial of a diversity case in a forum that is at home with the law that must govern the action;" (4) "the avoidance of unnecessary problems in conflict of laws, or in the application of foreign law;" and (5) "the unfairness of burdening citizens in an unrelated forum with jury duty." *Piper Aircraft*, 454 U.S. at 241 n. 6 (quoting *Gilbert*, 330 U.S. at 509) (internal quotation marks omitted).

With respect to the first factor, there is no evidence comparing docket conditions in Russia with those in this district. Therefore, the factor of court congestion is neutral.

With respect to the second factor, all parties are from Russia, but the corporate parties do business globally. As a result, this case cannot be said to be a "localized controversy" in which either forum has a local interest, and this factor is also neutral.

The third factor does not directly apply because this is not a diversity case. However, ElcomSoft relies on supplemental jurisdiction to assert state-law claims for unjust enrichment and breach of contract. The purpose of the third factor applies as strongly to state-law claims brought under supplemental jurisdiction as it does to state-law claims brought under diversity jurisdiction. *Cf. Felder v. Casey*, 487 U.S. 131, 151 (1988) (noting that the same choice of law rules govern claims brought under supplemental jurisdiction as those brought under diversity jurisdiction). ElcomSoft's state-law claims will likely be governed by the substantive law of Russia. *See Po Water & Sewer*, 495 S.E.2d at 482; *Woodson*, 177 S.E.2d at 613; *Arkla Lumber & Mfg.*, 132 S.E. at 842. Therefore, this factor weighs in favor of dismissal.

With respect to the fourth factor, litigation of ElcomSoft's state-law claims in this Court will require a conflict of laws analysis. This analysis may well result in the application of Russian law. If the case is dismissed and refiled in Russia, it is unclear whether the Russian courts would apply American, as opposed to Russian, patent law. Based on the evidence presented, the resolution of this case in Russia would enable "the avoidance of unnecessary problems in . . . the application of foreign law." Therefore, this factor also weighs in favor of dismissal.

Finally, the fifth factor, "the unfairness of burdening citizens in an unrelated forum with jury duty," weighs in favor of dismissal. This is a dispute between Russian companies and individuals regarding activities that occurred primarily in Russia. The only relationship that

jurors in this district have with this case is a small number of allegedly infringing sales. Therefore, this factor also favors dismissal.

Three of the five public factors favor dismissal for *forum non conveniens*. Not one factor weighs in favor of retaining this case in the present forum. Therefore, the public factors weigh strongly in favor of dismissing the case for *forum non conveniens*.

### c. private factors

The private factors that the Court must consider for determining whether to dismiss a case for *forum non conveniens* include: (1) "the relative ease of access to sources of proof;" (2) "availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses;" (3) "possibility of view of premises, if view would be appropriate to the action;" and (4) any "other practical problems" that must be addressed in order to "make trial of a case easy, expeditious and inexpensive." *Piper Aircraft*, 454 U.S. at 241 n. 6 (quoting *Gilbert*, 330 U.S. at 509) (internal quotation marks omitted).

With respect to the first factor, the parties have not indicated the location of any sources of proof. Moreover, it appears from the nature of this case that most of the evidence (other than witness testimony, which is addressed below) will be documentary, reducing any burden that might be involved in transporting it. Therefore, this factor is neutral.

With respect to the second factor, Defendants have listed several witnesses who are located in Russia. Gladysh Decl. para. 58–61, ECF No. 22-1; Golubev Decl. para. 14, ECF No. 22-2. Compulsory process is unavailable in Russia to compel the attendance of any of these witnesses who are unwilling to testify. *E.g., Base Metal Trading SA v. Russian Aluminum*, 253 F. Supp. 2d 681, 695–96 (S.D.N.Y. 2003). The Court takes judicial notice that Russia is far from this District, and that any willing witnesses will face significant travel costs. In contrast, the

parties have identified no witnesses who are located in the United States. Therefore, the second factor weighs heavily in favor of dismissal.

The third factor does not appear relevant to the present case. This case lacks any factual questions that might be aided by viewing the premises where the underlying events occurred. Therefore, this factor has no weight in the Court's analysis.

With respect the final factor, neither party has asserted any practical problems with litigating in either forum beyond those listed above. Therefore, this factor is also irrelevant to the Court's analysis.

The only relevant private factor on which evidence has been presented is the "availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses." This factor weighs heavily in favor of trying this case in Russia rather than in this Court, as the parties have identified numerous Russian witnesses and no American witnesses. Therefore, the private factors favor dismissal for *forum non conveniens*.

### d. conclusion

Both the public and private factors weigh heavily in favor of litigating this case in Russia. With respect to the public interest, this is a Russian dispute, and will likely require the application of Russian law even if it is retained in this forum. Similarly, the large number of Russian witnesses and dearth of American witnesses result in the private interest weighing in favor of dismissal. These factors are more than sufficient to overcome the "little deference" that must be given to ElcomSoft's choice to litigate in a foreign country.

### D. CONCLUSION

This is a dispute between Russians that centers on activities occurring in Russia. There is no reason why the parties cannot try these issues in Russia, where the events giving rise to this litigation occurred and where most, if not all, of the relevant witnesses are located. Therefore,

the Motion to Dismiss is **GRANTED IN PART** and the case is **DISMISSED WITHOUT PREJUDICE** for *forum non conveniens*.

### III. CONCLUSION

Defendants' Motion to Dismiss (ECF No. 21) is **GRANTED IN PART**.

This case is **DISMISSED WITHOUT PREJUDICE** for *forum non conveniens*.

**IT IS SO ORDERED.**

_____
Arenda L. Wright Allen
United States District Judge

July 31st, 2013
Norfolk, Virginia